### W. J. Owens v. The State.

*No. 3248.    Decided October 30.*

1. **Theft—Evidence.**—See the opinion for the substance of evidence in a theft case *held* insufficient to support a conviction because it does not sustain the allegation of the possession from which the property was taken.

2. **Practice—Charge of the Court.**—In the absence of evidence tending to support it, the charge of the court was erroneous in submitting to the jury the first count in the indictment. It was further erroneous in assuming that the defendant took the alleged stolen property, instead of submitting that issue to the jury as a hypothetical question.

3. **Same—Evidence.**—Proof was adduced that the prosecuting witness, after he recovered the alleged stolen cow from the possession of the defendant's brother, who claimed to have acquired her from the defendant, took her to his home, and put her in his pen. Evidence was then admitted, over the objections of defendant, to the effect that one night, about a month after the recovery of the said cow, two men entered the pen and attempted to drive her off. It was further proved, over objection by the defendant, that on the day of the night of the attempt to drive the said cow from the pen the defendant, wearing a straw hat, and another party, were seen in the neighboring town of Marlin, and that early on the said night three men, one of whom wore a straw hat, were seen in the corner of a fence near the house of the prosecuting witness. *Held*, that the evidence objected to was competent, and the several objections were properly overruled.

Appeal from the District Court of Falls. Tried below before Hon. J. R. Dickinson.

The opinion, together with the third head note, sufficiently discloses the case. A term of two years in the penitentiary was the penalty assessed by the verdict.

*Goodrich & Clarkson* and *P. P. Norwood,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—In the first count in the indictment the defendant is charged with theft of a cow, the property of J. E. Brown, it being alleged that said cow was taken from the possession of B. W. Allen and George Williams, who were holding the said cow for said Brown, the owner thereof. It was upon this count that the defendant was found guilty by the jury and adjudged to be guilty by the court.

We must set aside the conviction because the evidence does not sustain the allegation in the indictment as to the possession of the cow at the time she was taken, if taken at all. A joint possession of the cow in Allen and Williams is alleged in said count, and the evidence is conclusive that they did not jointly possess the cow. Allen testified that he did not at any time have possession of the cow; had nothing whatever to do with her. Neither did Williams's connection with the cow constitute possession of her. We think the evidence shows that at the time the cow was missing she was in the possession of her owner, Brown. She was in her accustomed range, and therefore in his possession. If this conviction had been upon the last instead of the first count in the indictment, the allegation of possession would be sustained by the evidence, as in said last count the allegation is that the cow was taken from the possession of Brown, the owner thereof.

There were several exceptions made and reserved to the charge of the court, two of which we think are well grounded. First, the charge should not have submitted to the jury the first count in the indictment, as there was no evidence sustaining the allegation in said count as to the possession of the cow. Second, the charge in several of its paragraphs assumes that defendant took the cow, instead of presenting that issue hypothetically to the jury. In other respects in which the charge is excepted to we think it is correct and sufficient, and we think the special charges requested by defendant were not improperly refused, because they were embraced substantially in the charge given.

We see no error in admitting the testimony objected to by defendant as to the transaction at Brown's cow pen. This testimony was relevant, and if the defendant was one of the parties who attempted to drive the cow out of Brown's pen, such conduct was strongly criminative against him, and circumstances proved tend to show that he was one of said parties.

For the reasons and errors stated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.