## HARMON ADAMS V. THE STATE.

No. 24019. Delivered May 19, 1948.

*Brian Montague,* of Del Rio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for cattle theft with a punishment of two years in the penitentiary.

The indictment alleges the theft of two head of cattle from W. B. Walker and Alonzo Love, alleged to be the corporeal personal property of W. B. Walker and Alonzo Love without the consent of the said W. B. Walker and Alonzo Love and with intent to deprive the said W. W. Walker and Alonzo Love of the value of same.

In the trial of the case the State failed to prove that the

property was taken without the consent of Walker but confined it to proving that it was done without the knowledge and consent of Alonzo Love. Mr. Walker was present in the court house during the trial and available to the court.

Touching the issue thus raised, the State's Attorney before this Court said in his brief:

"In our very humble opinion, the most serious question presented in this record relates to the fact that the State, having alleged ownership of the cattle to be jointly in W. B. Walker and Alonzo Love, that the burden therefore was upon the State to prove such allegation, if it could. This record affirmatively reflects that Walker was not subpoenaed as a witness but was present in court, sworn with the other witnesses, placed under the rule, and remained in attendance upon court throughout the trial but the State wholly failed to call Walker as a witness.

"In Mr. Branch's Annotated Penal Code, Sec. 2440, he states: 'The allegation of ownership of the alleged stolen property, being descriptive and essential, must be proved as laid,' citing many authorities; and, again, under the same section it is stated, 'Joint ownereship, if alleged, must be proved as laid,' citing authorities; and, again, under the same section, 'If ownership is alleged to be in more than one person, the proof must correspond with the allegation.'

"In Section 2448, Mr. Branch states the rule, 'If possession is alleged jointly, the proof, to support the allegation, must show a joint possession as alleged.' Citing Owens v. State, 28 Tex. App. 123, 12 S. W. 506; and again stating, under the same section, 'The allegation of possession must be proved as laid.' Citing many authorities.

"Under the proposition of want of consent, Section 2450 Branch's Annotated Penal Code, he states, 'If more than one person is alleged as joint owner, the allegation of want of consent is bad if it only shows a want of joint consent. It would not be theft if defendant had the consent of either joint owner and the *allegation,* in some way, must show that the taking was without consent of each.'

"On the question of proof of want of consent, Mr. Branch states the rule, in Section 2452, 'Want of consent may be proven by circumstantial evidence if the alleged owner is dead, incompetent to testify, or when, without fault on the part of the State, direct testimony cannot be produced.' Citing authorities."

Feeling that the case must be reversed because the State failed to prove lack of consent of W. B. Walker, we do not deem it necessary to discuss other issues raised.

The judgment of the trial court is reversed and the cause is remanded.